Follett, J.
I. There was no error in admitting testimony.
The first writing was taken and retained by the company until the second took its place. On payment of the $1,200, the company could take possession and build the road across the farm.
Steinfeld attacked the truthfulness of the statement of one of the changed conditions, and in trying that issue, the court should look to all that had been done by the parties in that respect, and that would throw light upon the issue.
“ What the parties mean is to be carried into effect, no matter what are the words they use.” Whar. Cont. § 202.
For this purpose the original writing is competent evidence. And the acts of the company in making the passage way, as Steinfeld claimed it should be, may be pertinent — at least they may excuse him from sooner acting to rescind the contract.
“A construction, adopted and acted on by both parties, will be regarded as worked into the contract.” Whar. Cont. § 206; Stone v. Clark, 1 Met. 378; Caley v. P. & C. C. R. R. Co., 80 Pa. St. 363; West R. R. v. Smith, 75 Ill. 496.
II. Did the court err in finding that the writing did not contain the agreement of the parties ?
There is no dispute as to the right of way the railroad company was to have through Steinfeld’s farm. The parties-agree as to one crossing, and as to the money that was paid. They differ as to the size and use of the passage way under the track.
In the first grant, Steinfeld was to receive $1,200, and to have 'built and maintained by the company, “two good crossings, also one passage under said road, for stock, if the embankment of the road will admit.”
In the second grant, Steinfeld was to receive but $850, and to have built and maintained, a good crossing, also (as expressed in the writing) “one passage under said road, for stock.”
As the writing was made, Steinfeld gave up to the company $350, and released it from building and maintaining one good *455 crossing. The company say he did this without compensation. This Steinfeld denies, and the 'company show no reason why lie should not have compensation. In arriving att the agreement of the parties, the court is aided by the language of the first grant. The company was to mate “ one passage under said road for stock, if the embanltmeni of the road will admit P Roes that mean as high as the embankment will admit ? Any railroad embankment “ will admit ” of “ one passage under said road for stock.”
When the second grant was made, the company must have known, that at the place this passage-way was to be made, the embankment would be over 20 feet high. Steinfeld testified, it was to be “ as high as could be given, big enough for a ton of hay on wagon to pass through. The engineer ” (who was the railroad company in making this contract), “ said it would be 16 feet high and that was as high as he could give; I said that was enough,” &c. Others testify about the same.
Graham, the engineer and contracting agent, testified, “I told him it was the intention to build a culvert in his bank which would answer all the ^purposes of an underground passage.”
We think the evidence justifies the court in its finding, “ that the agreement in writing attached to the amended petition of the plaintiff.is not the valid agreement of the parties; that the same was executed and delivered by the said plaintiff to the said defendant, in ignorance of its contents and by mistake,” and that in like ignorance Steinfeld gave the company possession and received the $850; and in so finding, there was no error.
III. The court also say: “ And it is adjudged and decreed that the written instrument purporting to be the contract of the plaintiff, a copy of which is attached to said amended petition, be, and the same hereby is, set aside and held for naught.” There is no proof of unreasonable delay, but Stein-feld has not returned, or offered to return, the $850 paid him, and gives no reason why he has not.
A contract induced by fraud is not void, but it is voidable at the election of the one defrauded. Ry the Roman law, the *456 party defrauded in a contract could hold on to the contract and recover damages, or rescind the contract and recover his full damages. And now such Í3 our law. Oakes v. Turquant, L. R. 2 H. L. 346; Clough v. R. R., 7 Ex. 26; Foreman v. Bigelow, 4 Cliff. C. C. 508; Lindsley v. Ferguson, 45 N. Y. 625. That the party seeking equity must do equity, as far as he can, is well settled. If Steinfeld seeks a rescission of the contract on the ground of non-performance by the company of a part of the contract, he must, as far as possible, put the company into the position it would be had the contract not been made.
He must at least return, or offer to return, the $850.
In rendering judgment that the contract be set aside and held for naught, without the return of the money paid, the court erred.
IN. The court say: “ Wherefore it is considered by the court that no contract exists nor has existed between said plaintiff and defendant concerning said right of way.” In this the court erred. The matter in dispute was, as to “ one passage under said road,” its location, and its size, and use. The fact that the writing does not contain the agreement of the parties in this respect, and that Steinfeld acted in ignorance of that fact, and by mistake on account thereof, do not warrant the court in considering “ that no contract exists.” There was a contract, as the evidence shows ; and what the contract, is, the court should find. The court finds that the agreement in the writing is not the agreement of the parties, then the court should find what the agreement is, and reform the contract to be as the parties made it. If the mistake was not bilateral, but was unilateral and fraudulent as to the other, the contract may be reformed.
“The ease for rectification is strengthened when it is made to appear that the party against whom the relief is asked, after agreeing to the omitted terms, was cognizant of their subsequent omission from the document as engrossed, and was also cognizant of the fact that the other party was ignorant of the omission.” Whar. Cont. § 206. “ But mistake on the one *457 side and fraud on the other will authorize a reformation.” Willis v. Yates, 44 N. Y. 525.
We think the evidence tends to show that both parties agreed to the contract as claimed by Steinfeld, and that it would justify the court in ordering the contract to be so reformed. When the contract is reformed, the court should grant a specific enforcement of it, if that can be done ; but if it cannot be so enforced there should be given adequate compensation for damages for its non-performance.
In the same action a written instrument may be reformed and relief granted on the contract as reformed. White v. Denman, 1 Ohio St. 110; Davenport v. Sovil, 6 Ohio St. 459; Insurance Co. v. Williams, 39 Ohio St. 584.
“ A party may prove, by parol, a mistake in a written agreement, and have it rectified and then specifically enforced.” Wat. Sp. Per. of C. § 254.
Therefore, 1. In an action to reform a contract and for relief thereunder, after the same is reformed the court may specifically enforce the same when that may be done, or may give adequate compensation for its non-performance.
2. On trial of an action to reform a written substituted contract for fraud or mistake, and to enforce the same when reformed, or if the same could not be reformed then to rescind the written contract, there may be given in evidence the original writing made by the same parties upon the subject matter in dispute, and also the subsequent acts done or procured to be done by the party charged with the fraud and which tend to prove the fraud or mistake.
3. On such a trial the court may find that the written contract in dispute does not contain the true agreement of the parties, but if the party complaining neither pays back nor offers to return the money received by him under the contract, it is error to order the contract to be set aside and held for naught.
4. On such a trial, where the court finds the written contract is not the true contract, and that the complainant holds the money he obtained under the contract without offering to return it, it is error to hold “ that no contract exists nor has *458 existed between the parties,” but the court should reform the contract as it was made, and if possible enforce the true contract, and if not possible then it should give adequate compensation in damages.

Judgm-ent reversed a/nd ease remanded for further proceedings.